IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MYRON G. KUZYK and
ZENON L. KUZYK,                                                    ORDER

               Plaintiff,                          10-cv-538-bbc

    v.

THOMAS LUCKE, R. TIMOTHY LUCKE,
STANTON PETER HELLAND, PATRICK HELLAND,
JOSEPH B. GUSSEL, J. THOMAS GUSSEL,
WILDERNESS HOTEL & RESORT, INC.,
WILDBAR, INC., WILD GOLF, INC.,
WILDERNESS DEVELOPMENT CORPORATION
and GLACIER CANYON LODGE, LLC,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action for monetary and injunctive relief and judicial dissolution, plaintiffs Myron and Zenon Kuzyk contend that several defendants involved with plaintiffs in the resort business and development in Wisconsin Dells, Wisconsin breached their fiduciary duties, breached shareholder agreements, committed fraud and treated minority shareholders oppressively. Plaintiffs allege that this court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the parties are completely diverse and the matter in controversy exceeds $75,000. However, this court has an independent obligation to insure that diversity jurisdiction exists. <u>Arbaugh v. Y & H Corporation</u>, 546 U.S. 500, 501 (2006); <u>Tylka v. Gerber Products Company</u>, 211 F.3d 445, 447-48 (7th Cir. 2000) (federal courts are "always obliged to inquire sua sponte

1

whenever a doubt arises as to the existence of federal jurisdiction"). My review of plaintiffs' complaint indicates that plaintiffs have not made an adequate allegation of diversity under § 1332.

First, plaintiffs have not identified their own citizenship properly or the citizenship of the defendants who are individual persons. Plaintiffs have alleged only the *residence* of the individuals. However, it is the *citizenship*, not the residency, of individual persons that matters for diversity jurisdiction purposes. An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002); see also Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994).

Second, plaintiffs have not established the citizenship of defendant Glacier Canyon Lodge LLC. The citizenship of a limited liability company is determined by the citizenship of its members. Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well"); Wise v. Wachovia Securities, LLC, 450 F.3d 265, 267 (7th Cir. 2006); 15 Moore's Federal Practice, § 102.57[8] at 102-140.2-141 (2008). The amended complaint states that Glacier Canyon Lodge is a Wisconsin limited liability company with its principal offices in Wisconsin Dells, Wisconsin. Plaintiffs have not identified all of the members of the Glacier Canyon Lodge LLC or the citizenship of those members. However, in describing

their own citizenship, plaintiffs allege that they are "minority shareholder[s] or member[s]" of "the Wilderness Entities," which includes Glacier Canyon Lodge LLC. It is not clear whether this means that plaintiffs are members of Glacier Canyon Lodge LLC or shareholders of a member of the LLC or something else. If plaintiffs are members of Glacier Canyon Lodge LLC, diversity of citizenship does not exist between the parties in this case because the LLC is a citizen of every state for which its members are citizens.

It would be a waste of limited judicial resources to proceed further in a case in which jurisdiction may not be present. Plaintiffs may have until November 8, 2010 in which to produce facts verifying the diversity of citizenship between plaintiffs and defendants.

ORDER

It is ORDERED that plaintiffs Myron Kuzyk and Zenon Kuzyk may have until November 8, 2010 in which to provide this court with verification of the diversity of citizenship between itself and defendants. Failure to do so will result in dismissal of this case for lack of subject matter jurisdiction.

Entered this 27th day of October, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge